# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JC USA, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10585 (JKS)<br><br>(Jointly Administered) |
| Don A. Beskrone, Chapter 7 Trustee for JC USA, Inc., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>Somerset Shoppes FLA LLC,<br><br>Defendant. | Adv. Proc. No: **REFER TO SUMMONS** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND
TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Don A. Beskrone, Chapter 7 Trustee ("Trustee") for the above-captioned debtors (the "Debtors"), by and through his undersigned counsel, files this complaint (the "Complaint") against Somerset Shoppes FLA LLC (the "Defendant") to avoid and recover transfers and to disallow any claims held by Defendant. In support of this Complaint, Trustee alleges upon information and belief that:

## NATURE OF THE CASE

1. Pursuant to sections 547, 548 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Trustee seeks to avoid and recover from Defendant all preferential

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: JC USA, Inc. (0028), JC Franchising, Inc. (7656), New JC Holdings, Inc. (1506), JC Acquisition, Inc. (2395), JC Inter. Holdings, Inc. (3621) JC Hold, LLC (4170).

and/or fraudulent transfers of Debtors' property made to Defendant on or during the 90-day period prior to the commencement of the Debtors' bankruptcy proceedings.

2. The Trustee also seeks to disallow any claim filed by the Defendant in the Debtors' bankruptcy cases pursuant to sections 502(d) and (j) of the Bankruptcy Code until such time as Defendant pays to Trustee an amount equal to the aggregate amount of the transfer(s).

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Delaware has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders with respect to the relief sought herein.

5. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

6. Pursuant to Local Bankruptcy Rule 7008-1, Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

7. The Trustee is Chapter 7 Trustee for the Debtors and the Debtors' estates.

8. Upon information and belief, Defendant is a corporation with a mailing address at 8903 Glades Road, Ste A8, Boca Raton, FL 33434-4023.

## BACKGROUND

9. On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases"). On May 10, 2023, the Debtors filed their schedules of assets and liabilities and statement of financial affairs [Docket Nos. 1].

10. Prior to the Petition Date (as defined below), the Trustee understands that Debtors operated a weight loss, weight management, and nutrition company that provided ready-to-eat fresh and frozen meals, with personalized meals plans and wellness coaching. The Debtors conducted their operations through Debtor JC USA, Inc. d/b/a Jenny Craig (the "Debtor").

11. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Cases. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held on June 9, 2023, and concluded as of that date. Mr. Beskrone thus serves as the Trustee of the Debtors' and their estates pursuant to 11 U.S.C. § 702(d).

12. The Trustee has not filed a motion to operate the businesses of the Debtors pursuant to 11 U.S.C. § 721, and the Trustee understands the Debtors have no business operations.

13. In the Schedules, Debtor JC USA, Inc. d/b/a Jenny Craig listed assets of $22,096,062.40 and liabilities of $286,129,380.12, Debtor JC Franchising, Inc. listed assets of $89,071.50 and liabilities of $246,526,269.42, Debtor Craig Holdings, Inc. listed assets of $70,406,357.58 and liabilities of $246,526,658.13, Debtor Jenny C Acquisition, Inc. listed assets of $94,782,832.04 and liabilities of $246,526,269.42, Debtor Jenny C. Intermediate Holdings, Inc. listed assets of $43,072,188.00 and liabilities of $246,526,269.42 and Debtor Jenny C Holdings, LLC listed no assets or liabilities.

14. On June 2, 2023, the Court approved the sale of substantially all of the Debtors' assets to JCR Holdings, LLC. [D.I. 115]. In the sale, the Debtors' estates received cash consideration of $5.5 million and a $5 million credit bid, showing the Debtors' assets yielded only

{02115828;v1 }   3

a fraction of the value set forth in the Schedules and further accentuating the depth of the Debtor's insolvency both on and well before the Petition Date.

15. Four of the Debtors' cases, JC Franchising, Inc., Jenny C. Acquisition, Inc., Jenny C. Intermediate Holdings, Inc. and Jenny C. Holdings, LLC were subsequently closed on April 8, 2025, as no asset cases.

16. The Trustee has undertaken an investigation of the Debtors' assets with the intent of maximizing value for the benefit of creditors. Prior to the Petition Date, the Debtor's business records show the Debtor used bank accounts (the "Accounts") held at JPMorgan Chase Bank, N.A., Bank of America, Citizens Bank, Wells Fargo, PNC and UMB Bank to manage its business affairs. During the 90-days prior to the Petition Date (the "Preference Period"), the Debtor continued to operate its business and continued to make payments to creditors, from the Accounts via checks, wire transfers and other methods including Bill.com.

17. Upon information and belief, the Defendant entered into agreements (collectively, the "Agreements") with the Debtor. The Agreements are evidenced by contracts, purchase orders, invoices, communications and other documents.

18. Pursuant to the Agreements, the Defendant provided certain goods and/or services to the Debtor on credit. In return, the Trustee has determined that the Debtor made transfer(s) (the "Transfers") of an interest of the Debtor's property to or for the benefit of Defendant during the Preference Period on account of such goods and/or services through payments aggregating an amount not less than $35,775.56.

19. The Trustee has conducted reasonable due diligence and taken Defendant's potential defenses into account prior to filing this Complaint. The Trustee's efforts included analysis of business records of the Debtor, to the extent reasonably available, regarding the

Debtor's potential claims with respect to the Transfers and the Defendant's potential affirmative defenses thereto. The Trustee's efforts also included sending a demand letter to Defendant prior to filing this Complaint inviting an exchange of information regarding the Defendant's potential defenses.

20. The Transfers are detailed in **Exhibit A**, which is attached hereto and incorporated by reference and includes the date and amount of each Transfer.

21. During the course of this proceeding, Trustee may learn of additional transfers made to Defendant during the Preference Period. It is the Trustee's intent to avoid and recover all transfers made by the Debtors to or for the benefit of the Defendant during the Preference Period. The Trustee reserves the right to amend this Complaint to include additional transfers and additional relevant information that may become known to the Trustee, through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

## CLAIMS FOR RELIEF

## COUNT I

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

22. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

23. As set forth in **Exhibit A**, the Debtor made Transfers to or for the benefit of Defendant during the Preference Period in an amount not less than $35,775.56.

24. Each Transfer was made from the Debtor's Accounts, and constituted transfers of an interest in property of the Debtor.

25. As set forth in **Exhibit A**, Defendant was a creditor at the time of each Transfer as a result of previously supplying the Debtor with goods and/or services pursuant to the Agreements,

and the Debtor was obligated to pay after receiving delivery of the goods and/or services in accordance with the Agreements.

26. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the applicable Debtor to Defendant.

27. As set forth in **Exhibit A**, each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfers were made. The Transfers were made on account of a pre-existing "debt" or "claim" (as those terms are defined in the Bankruptcy Code) owed to Defendant by the Debtor in accordance with the Agreements.

28. As alleged above, each Transfer was made while the Debtor was insolvent. Pursuant to section 547(f) of the Bankruptcy Code, the Debtor is presumed to have been insolvent on and during the 90 days prior to the Preference Period.

29. Each Transfer was made during the Preference Period as set forth in **Exhibit A**.

30. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtor's Case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As alleged above and as set forth in the documents and records of the Debtor's Case, the Debtor was insolvent at all relevant times and unsecured creditors will not receive full payment of their claims from the Debtor's bankruptcy estate.

31. The Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

**(Fraudulent Transfers – 11 U.S.C. § 548)**

32. Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

33. To the extent the Transfers identified in **Exhibit A** were not made on account of an antecedent debt and/or were prepayments for goods and/or services, the Trustee pleads in the alternative that the Debtor that received the Transfers did not receive reasonably equivalent value in exchange for such Transfers, and (i) the Debtor was insolvent on the date the Transfers were made or became insolvent as a result of the Transfers; (ii) the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or (iii) the Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as the debts matured.

34. The Transfers are avoidable pursuant to 11 U.S.C. §548(a)(1)(B).

## COUNT III

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

35. Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

36. Trustee is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. §§ 547(b) and 548.

37. Defendant was the initial transferee of the Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer(s) were made.

38. Pursuant to 11 U.S.C. § 550(a), Trustee is entitled to recover from Defendant the Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT V

### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

39. Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

40. Defendant is a transferee of Transfers avoidable pursuant to sections 547 and 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

41. Defendant has not paid the amount of the Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

42. Pursuant to 11 U.S.C. § 502(d), any claims filed by Defendant in the Debtor's bankruptcy Case must be disallowed until such time as Defendant pays to Trustee an amount equal to the aggregate amount of the Transfer(s), plus interest thereon and costs.

43. Pursuant to 11 U.S.C. § 502(j), any claims filed by Defendant in the Debtor's bankruptcy Case and previously allowed by the Debtor or by Trustee, must be reconsidered and disallowed until such time as Defendant pays to Trustee an amount equal to the aggregate amount of the Transfer(s).

## PRAYER FOR RELIEF

**WHEREFORE**, Trustee requests that this Court enter judgment in his favor and grant him the following relief against Defendant:

A. Avoiding the Transfers and directing Defendant to return to Trustee the amount of the Transfers, pursuant to 11 U.S.C. §§ 547(b), 548 and 550(a), plus interest from the date of demand at the maximum legal rate, together with the costs and expenses of this action including attorneys' fees;

B. Disallowing any claim filed by Defendant against the Debtor until Defendant returns the Transfers to Trustee pursuant to 11 U.S.C. § 502(d) and (j); and

*-Continued on Next Page-*

C. Granting such other and further relief as this Court may deem just and proper.

Dated: May 3, 2025  
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Benjamin W. Keenan*
Ricardo Palacio (DE No. 3765)
Benjamin W. Keenan (DE No. 4724)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Email: rpalacio@ashbygeddes.com
Email: bkeenan@ashbygeddes.com

*Counsel to Don A. Beskrone,*
*Chapter 7 Trustee of the Debtors*

{02115828;v1}  9